```
FILED ✓    LODGED ___
RECEIVED ___  COPY ___

MAR 1 0 2022

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY
```

Russell Sage Christie III  28141050
**Name and Prisoner Number/Alien Registration Number**

U.S.P. Tucson
**Place of Confinement**

P.O. Box 24550
**Mailing Address**

Tucson, AZ. 85734
**City, State, Zip Code**

(Failure to notify the Court of your change of address may result in dismissal of this action.)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Russell Sage Christie III,                   )
(Full Name of Petitioner)                    )
                                             )
                    Petitioner,              )   CASE NO. CV-22-117-TUC-CKJ-LAB
                                             )   (To be supplied by the Clerk)
              vs.                            )
                                             )
Acting Complex Warden D. Colbert,            )   PETITION UNDER 28 U.S.C. § 2241
(Name of Warden, Jailor or authorized person )   FOR A WRIT OF HABEAS CORPUS
having custody of Petitioner)                )   BY A PERSON IN FEDERAL CUSTODY
                                             )
                    Respondent.              )
                                             )

## PETITION

1. What are you challenging in this petition?
   ☐ Immigration detention
   ☐ Bureau of Prisons sentence calculation or loss of good-time credits
   ☐ Probation, parole or supervised release
   ☑ Other (explain): _____

2. (a) Name and location of the agency or court that made the decision you are challenging: District Court, Newark, N.J. 3rd Circuit

   (b) Case or opinion number: 570 F.Supp 2d 657

   (c) Decision made by the agency or court: Guilty of Superseding indictment counts (1) Through (8)

(d) Date of the decision: _____

3. Did you appeal the decision to a higher agency or court?   Yes ☑   No ☐

If yes, answer the following:

(a) First appeal:

(1) Name of the agency or court: 3Rd CIRCUIT CouRT of Appeals - Philadelphia PA.

(2) Date you filed: Public defender filed on or About December 2009

(3) Opinion or case number: 624 F.3d 558

(4) Result: Appeal denied except for Abuse of descretion in evidence And Testimony Admission.

(5) Date of result: _____

(6) Issues raised: Improper Vouching, Abuse of descretion in evidence And Testimony Admission, Improper Trial Judge witness Questioning, expectation of Privacy in Internet Protocol Address

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

(b) Second appeal:

(1) Name of the agency or court: United States Supreme Court

(2) Date you filed: The Public Defender filed in or About February 2011

(3) Opinion or case number: 562 US 1236

(4) Result: CeRT. denied

(5) Date of result: _____

(6) Issues raised: Expectation of Privacy in Internet Protocol Address

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

(c) Third appeal:

(1) Name of the agency or court: Tucson District Court

(2) Date you filed: June 2019

2

(3) Opinion or case number: __CV-19-0315-TUC-CKJ     28 USC 2241__

(4) Result: __Denied for lack of Jurisdiction__

(5) Date of result: __February 2020__

(6) Issues raised: __Incorrect charging statute, Improper grouping of indictment counts, Enhanced on alleged conduct not charged or found by Trial Jury, Multiplicitous counts and improper unit of Prosecution__

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

4. If you did not appeal the decision to a higher agency or court, explain why you did not: _____

5. Other than the appeals listed above, have you filed any other petitions, applications or motions concerning the issues raised in this petition?   Yes ☑   No ☐

If yes, answer the following: __The Public Defenders office of the 3rd Circuit have filed numerous motions and petitions with the 3rd Circuit that Petitioner Christie does not have access after the passage of (15) Years__

(a) Name of the agency or court: _____

(b) Date you filed: _____

(c) Opinion or case number: _____

(d) Result: _____

(e) Date of result: _____

(f) Issues raised: _____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

6. For this petition, **state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.** Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

**CAUTION:** <u>To proceed in the federal court, you must ordinarily first exhaust (use up) your available administrative remedies on each ground on which you request action by the federal court.</u>

3

**GROUND ONE:** For reasons set forth herein, and in reliance on the 9th Circuit decision of Allen v. Ivers 976 F3d 873 (2020) granting the District Court jurisdiction regarding actual innocence, Petitioner Christie claims actual innocence of superseding indictment (9-3-2008) counts (1) through (6), to wit, 18 USC 2251(d)(1)(A) Sexual Exploitation, posting notice or advertisment, seeking or offering to receive or distribute child pornography

(a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim.):
The Government alleges Christie to have trafficked child porn on (6) occasions between 10-28-05 and 6-25-06 by posting (6) free internet links to an FBI sponsored, password protected website; Links leading to existing depictions of unknown females alleged to be minors engaged in sexually explicit conduct; The links asking for nothing in return. Pursuant to U.S.S.G. 2G2.2, Posting material involving the sexual exploitation of a minor to a website for public viewing, is distribution (defined by Miller 413 U.S. 15 at 16 FN-1). Posting a link recomending acquisition is solicitation/promotion (553 U.S. 285), not exploitation. 18 USC 2252A(A)(2) prohibits the actual distribution of materials that necessarily already exist. 2252A(A)(3)(B) covers promoting existing child porn. Unlike the conduct of 2252A, 18 USC 2251(d)(1)(A) involves merely a public statement of one's willingness to be involved with child porn in specific ways. Because one who advertises his desires to receive (or distribute) child porn... is directly encouraging the production and distribution of material created by abusing children. (Pabon-Cruz 155 F.Supp2d 200-2nd -2003). 2252A(A)(3) and 2251(d)(1)(A) proscribe near identical conduct, with the distinction being actual trafficking in the former, as opposed to "offers to traffic" in the latter. The SCOTUS has cautioned to avoid interpreting (1) statute in a way to make another redundant. 2252A with its (5) year mandatory minimum for trafficking "existing depictions" is less culpable then 2251(d)(1)(A) with it's production oriented (15) year mandatory minimum for "offering to distribute depictions" in the future (that may not yet exist). Christie was originally charged on 4-20-07 with distribution. But there was no evidence of transport or material changing hands. Indictment two charges (6) counts of 2251(d)(1)(A) Sexual exploitation - advertising, for allegedly posting the (6) aforementioned links (links to existing images, where only count six could be directly tied to Christie, who was not in possession of the count six material). The logical reading of 2251(d)(1)(A) "advertising", is that it's ejusdem generis to, and qualified by statute section title "Sexual Exploitation (The Supreme Court has repeatedly advised, "Look first to the statute title"); Noscitur sociis to the production of child porn proscribed in 2251's remaining subsection themes; and that "advertising" is ejusdem generis to the string of operative verbs in 18 USC 2256(3) defination of production. The alleged conduct described in counts (1) through (6) is not sexual exploitation; not advertising the "availability" of child porn (513 U.S. 64 at 76) and not proscribed by 2251(d)(1)(A), leaving Christie actually innocent of counts (1) through (6). Additionally, 9th Circuit Paton jury instructions for 2251(d)(1)(A) require the identity of the victim be known, which in the instant, an act the government is unable to accomplish. No new evidence was discovered between the first and second indictment.

(b) Did you exhaust all available administrative remedies relating to Ground One?    Yes ☑    No ☐

(c) If yes, did you present the issue to:
☐ The Board of Immigration Appeals
☐ The Office of General Counsel
☐ The Parole Commission
☑ Other: Pro Se Pretrial Motions, 2012 2255, and June 2019 2241 habeas

(d) If you did not exhaust all available administrative remedies relating to Ground One, explain why:

**GROUND TWO:** For Reasons set forth Herein, Petitioner Christie claims Actual Innocence of superseding indictment (9-3-2008), Count (7), to wit, 18 USC 2252A(A)(2)(B), Knowingly Receiving Material That Contains Child Pronography. Christie Relies on The 9th Circuit decision in Allen v. Ivers 976 F3d 893 (2020) Granting district courts Jurisdiction over This Actual Innocence Ground

(a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim.):

FBI Agent MacFarlane Testified during November 2008 Trial That: "It was impossible to download 'some' of The (106) image compressed file from website 's-37.YouSendit.com' And That Christie "Had To download All (106) To Gain The (3) He Possessed". MacFarlane erroneously Assumes The only Place The (3) Known images could have come from is The (106) image file. But The FBI did not discover Those (106) images in Christie's Possession. They found (3) Lascivious images Titled (R-ing-0010A, 0021, and 0031 from The Well Known R-ing Series. The (106) image file was Hosted by Commercial Storage Parent Co. "YouSendIt" That utilizes A Server farm with Thousands of independant Servers. Each Server with its Prefix Number/Letter combination preceding the company name is An Autonomous website, with each file identified by its own unique suffix Serial I.D. Number. The (106) image file was hosted at S.37.YouSendIt.Com.id=lAG06VbuseK8M2dbHM32NOVJMT". In Review of Christie's Government Supplied Internet History, There is No evidence He ever visited Site S-37.YouSendIT, or connected To The Aforementioned I.D. file, which would have been Transfered Verbatim To His Internet history. The (106) image file was Posted To The FBI Site on 4-10-06 by user name Rikdev-9. To A Layperson The count (7) charging Language "Between July 2001 And July 2006" Appears overbroad and not Specifically Particular, Filed 9-3-08. During The November 2008 Trial, The Government narrowed The window To discreet Text on 4-10-06, claiming Christie Received The (106) image file from S-37.YouSendIT, dispite a mere (3) images Being discovered, And No S-37 YouSendIT Links Being Memorialized In His Net History. The FBI did not conduct A Hash value on The (3) Possessed images To determine if they were identical To The (106) image Batch. The Government did not display The (3) images Christie Allegedly Possessed, To The Jury, But did display most of The (103) images Not Possessed. There is No Legitimate evidence Linking Christie To The S-37 Website, and with The false Statements Redacted, No evidence Christie Knowingly Received child porn. Displaying To The Jury daily, The (103) Hard core child porn images Christie didnt Possess, offended The fundamental fairness fairness of The Proceeding And is Alone Reversable error. During His 2009 Sentencing, Christie Received A (4) Level Sadistic Masochistic enhancement for (1) image from The Aforementioned (103) set He did not Possess. There has Been No Allegation Christie ever owned or used a computer prior to November 2004, And No evidence He Possessed contraband Prior To FBI Website inception of 10-14-05. During The November 2008 Trial, FBI Case Agent Cristiano Testified That She had No Idea Where Christie Acquired The images He Allegedly Possessed And That Some might have come from The Internet. Rectifying The erroneous MacFarlane Testimony Leaves Christie Actually Innocent of Knowingly Receiving Child Porn on 4-10-2006

(b) Did you exhaust all available administrative remedies relating to Ground Two?    Yes ☑  No ☐

(c) If yes, did you present the issue to:
  ☐ The Board of Immigration Appeals
  ☐ The Office of General Counsel
  ☐ The Parole Commission
  ☑ Other: 2255, And June 2241 Habeas

(d) If you did not exhaust all available administrative remedies relating to Ground Two, explain why:

5

**GROUND THREE:** For reasons set forth herein, and reliance on the 9th circuits Allen v. Ivers 976 F3d 863 (2020) decision granting District courts Actual Innocence Jurisdiction, Petitioner Christie claims Actual Innocence to Superseding indictment (2), (9-3-2008) count (8), to wit, 18 USC 2252A (A)(5) Knowingly Possessing Child Pornography

(a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim.):

Between 10-14-2005 and 7-25-2006 Fugitive Felon and Acting Agent for the Government Jerod Lochmiller operated a Bulletin Board style website he named NAMGLA.net. It is undeniable that Lochmiller perpetrated this undertaking at the behest of Los Angeles Deputy Chief U.S. Attorney Wes Hsu of the LA USAO Computer Crimes Section, for the purpose of generating new arrests; and dismissing Lochmillers outstanding federal warrants. The site Raison d'etre Subject was females age (16) an under; with Rules prohibiting child pornography; containing no images, and password protected. Shortly after site inception, Lochmiller provided Hsu with an Administrative website logon. For about the next (30) days, and informing no one, Hsu ran his own private investigation of the site. There was no fee or prerequisite to access the site, save for a valid email address, it was free. The site contained multiple subboards including general discussion, Text Storys, Links to Non-Nude images, And Links to Legal Semi-Nude erotica depictions. Lochmiller vehemently averred his website to be 100% Legal pursuant to Ferber v. N.Y. and Nudity without more is protected speech. Lochmiller was perpetually advocating for the First Amendment, chastizing any site user to challenge his claims. Lochmiller personally posted Links to child erotica (and in some cases lascivious child porn) for users to view or download; users who may have possessed no depictions prior to their Lochmiller encounter; and encouraged users to do the same. Hsu posted Links to child erotica one time. Lascivious Exhibition is a subjective determination, and in this area, Lochmiller was more liberal then most, claiming in substance, "Nudity alone with no sex act taking place was protected speech". Lochmiller was unequivically acting as an agent for the government when he actively distributed and facilitated the distribution of a plethora of images, claiming legality in violation of entrapment by estoppal. By the very terms of their agreement, AUSA Hsu was complicit in the entrapment scheme. On 11-19-05, (2) days prior to Hsu inviting the FBI to the site as co-administrators, Lochmiller created a secret invisible No Rules Subboard, only a tiny fraction could view, where according to Lochmiller "Anything Goes". According to Trial discovery, the FBI never read a Lochmiller text message; or read the site rule until 4-14-06. Hsu and FBI LA knew Lochmiller was trafficking depictions but engaged in conscious avoidance; turning a blind eye in an attempt to distance themselves from the transgression culpability and the true depths of their involvement; then giving false trial testimony multiple times that Lochmiller "sat figuratively in a corner and innocently watched as site users broke the law". Agent Cristiano testified she had "No idea where Christie got the images he possessed". The Government provided no evidence Christie possessed any images prior to his Lochmiller encounter that claimed their legality. Conviction under 18 USC 2252A (A)(5) requires an element of knowledge not present due to acting agent Lochmillers entrapment estoppal activities. Lochmiller, Hsu, and FBI LA are equal partners in their elaborate conspiracy to entrap, that leaves Christie actually innocent of knowledge. Lochmiller was not available to testify. The original best evidence website hard drive was never seized.

(b) Did you exhaust all available administrative remedies relating to Ground Three?  Yes ☑  No ☐

(c) If yes, did you present the issue to:
☐ The Board of Immigration Appeals
☐ The Office of General Counsel
☐ The Parole Commission
☑ Other: Pro Se Pre Trial Motions and vie 2255

(d) If you did not exhaust all available administrative remedies relating to Ground Three, explain why:

6

GROUND FOUR: (A) For Reasons Set Forth Herein, And in Reliance on 9th Circuit Actual Innocence decision of Allen-v-Ivers 976 F3d 873 (2020) Granting The District Courts; Jurisdiction, Petitioner Christie claims Actual Innocence To The Following 6-23-2009 Sentencing Enhancements for U.S.S.G. 2G2.2 Distribution, Sadistic/Maschistic Abuse, And Possession of More Then (600) Images.

(a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim.):

There's No Allegation Christie Produced, Reproduced, or Transported child Porn Pursuant To counts (1) Through (8), or Had Knowledge of The Actors identities detailed in The counts; No evidence He uploaded or distributed child porn (defined BY Miller 413 US 15 AT 16 FN-1); No Allegation The FBI sponsored, Password Protected website was "Public, open To All, or That The Site was created, owned, or Administrated BY Christie; No Legitimate evidence He downloaded child Porn, with FBI SA Cristiano Testifying She had No Idea where Christie got The material, And "Some of it may have come from the internet." Christie was originally indicted on charges including distribution, which was dropped on 10-19-07 for Lack of evidence. Christie was Not Tried for distribution or Transport, But on 6-23-09 Sentencing, After First Receiving A (4) Level enhancement for Trafficking under 2G2.2 Base, Christie was enhanced (5) additional Levels for distribution without Jury fact finding, Contrary to established S.CT. Law. The Government Argued Christie distributed with Anticipation of A Thing of value; But with no evidence of Download, And No Allegation of Sale or Transport. 2G2.2 "Distribution" includes "Advertisment... Related To The Transfer of material... including Posting Material... on A website for Public Viewing, But Not The Mere Solicitation of Such Material." Problematic: (a) No evidence of Transport (B) The FBI Site was Not Public (c) The Site contained No Images (d) Text Recomending The Free Viewing of Images, And with instructions "is Solicitation", defined as enticement, Allurement, Petition or Request (E) Prior To 2008, Viewing child Porn on The Internet was Not Proscribed (F) As explained in Ground (1) And Pabon-Cruz 255 F. Supp 2d 200 (2nd-2003) Advertisment To Provide child Porn is Not Synonymous To Recomending existing child Porn That can Be Known. Christie was Additionally enhanced (4) Levels for Sadistic/Maschistic, for depictions of The (103) image set detailed in Ground (2) That Christie did Not Possess, And conduct That was Not charged or fact found BY Jury. Christie was enhanced (5) Levels for "over (600) images" That District Judge Ackerman Limited Specific To count (8) Possession. FBI NJ Proffered hords of claim and counter claim variations As To what was possessed, including 491, 325, 300, 262, To over "500" CD Roms AT Trial. Zero of The Seized (Authentic) CD Roms were were entered AT Trial. (3) images were displayed To The Grand Jury Pursuant To count (8). (3) images And (3) Short videos were examined BY FBI Expert Nicole Spaun Pursuant To Possession. (3) images And (3) videos equate To (228). Nudity without More is Protected Speech. For The foregoing Reasons, Christie claims Actual Innocence To 2G2.2 distribution, Sadistic/Maschistic Abuse, And Possession of More Then (600) image enhancements, None of which were charged of found BY Trial Jury.

(b) Did you exhaust all available administrative remedies relating to Ground Four? (A)   Yes ☑   No ☐

(c) If yes, did you present the issue to:
☐ The Board of Immigration Appeals
☐ The Office of General Counsel
☐ The Parole Commission
☑ Other: Christie Objected To The entire Sentencing PSR, Raised The issues Vie 2012 2255, And in Part in June 2019 2241 Habeas

(d) If you did not exhaust all available administrative remedies relating to Ground Four, explain why:

**GROUND FOUR:** (B) For Reasons Set forth Herein And in Reliance on 9th Circuit Actual innocence decision of Allen v. Ives 976 F3d 873 (2020) Granting The district court Jurisdiction, Petitioner Christie Both claims And Argues Actual innocence of specific Sentencing Guideline 2G2.2 enhancement "Pattern of Activity"

(a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim.):
The 2G2.2 "Pattern of Activity enhancement" Arguement is a Problematic Gray Area Revolving on: (A) Rule 106 Doctrine of Completeness And (B) The Scotus decisions in Napue, Giglio, Agurs, Brady, And Anderson-v-U.S. Inasmuch As FBI N.J. Knowingly failed To Preserve Exculpatory original Document during Their 7-25-06 Search of Christies home; Selectively Seizing incomplete Rough drafts (Stored with the complete originals) They entered At Sentencing As Singular originals; Allowing The originals To Be distroyed over Time; denying Christie Paramount Rebuttal context, obstructing Justice, And offending Fundamental Fairness in The Proceeding. During The 6-23-09 Sentencing The AUSA employed A Paid Witness, To wit, The (28) year old Mother of Christies Foster child (unrelated To The indictment) That occasionally lived with Christie Between April 1999 And July 2004; And Had outstanding arrest warrants, All dismissed As compensation For Her Testimony. The Government Knew The Testimony Was Perjured From Their 7-25-06 Search, Yet Allowed it To Go uncorrected. With The innocence Proving documents denied To Christie, His Arguement Rests on Background, Reasonable Probability, And common sense. In 624 F3d 558 The 3rd Circuit Noted That The Government Had made No Allegation, Christie Was A Pedophile (or had The Propencity To commit A crime). Christie was Not charged with Any of The Alleged conduct The 6-23-09 Accuser Proffered. The Accuser was interviewed (3) Times. The FBI Conceeded each Version inconsistant with No (2) alike, But Provided The defence Transcripts of only (2) interviews. On 3-3-99 The Accuser Left her (26) week old infant (Not Christies) with Christie To Perpetually feed And care For, 24/7, on His own For (50) weeks Because "She Wanted To have fun". She only Rescinded care on 2-15-00 Because Her Absence Was discovered And She Risked Loss of welfare, W.I.C., And food Stamp Benefits. In December 2000 She Was Arrested on Numerous Drug/Burglary charges And: (A) Placed Christie on her Jail And Prison Visit List (B) Phoned Christie daily (c) Wrote To Christie, And (d) Nearing Prison Release 2004, Argued Vehemently with Her P.O. That She Be Allowed To Live with Christie dispite His homes (1) Bedroom Status, Because "She Was An Adult And who She Lived with was Her Business". She Was Released. She did Phone Christie To Pick her up At The Bus Stop, She did Live at Christies About (6) weeks And She did continue To Phone, email, And Visit Christie until July 2006. Christie didn't See The Accuser from 7-1-93 To 9-15-95, About 12-15-96 To 11-1-98, And 11-2-98 To 3-2-99, And The Proposition That She consistantly Phoned Christie, Left her infant daughter Alone with him for (1) Year, Solicited Jail And Prison Visits And Lived with him Several Times After claims of Perpetual Abuse is Ludicrous.

(b) Did you exhaust all available administrative remedies relating to Ground Four? (B)   Yes ☑   No ☐

(c) If yes, did you present the issue to:
  ☐ The Board of Immigration Appeals
  ☐ The Office of General Counsel
  ☐ The Parole Commission
  ☑ Other: Christie objected To The entire Sentencing PSR And Raised The issue vie 2255

(d) If you did not exhaust all available administrative remedies relating to Ground Four, explain why:

7(A)

**Please answer these additional questions about this petition:**

7. Are you challenging your conviction or sentence in any of the grounds raised above? Yes ☑   No ☐
(Claims challenging a federal conviction or sentence may only be raised in a motion under 28 U.S.C. § 2255, unless the § 2255 motion is legally inadequate or ineffective.)

   If yes, answer the following:

   (a) Have you filed a motion under 28 U.S.C. § 2255?   Yes ☑   No ☐
   February 2012

   If yes, answer the following:

   (1) Name of court: U.S. District Court, 3rd Circuit, Newark, N.J.

   (2) Case number: Lexis 65750 (2015)

   (3) Opinion or case number: ___

   (4) Result: Denial of most Grounds under Procedural Default - Speedy Trial was violated but issue moot

   (5) Date of result: About July 2015

   (6) Issues raised: The comprehensive 28 USC 2255 was Roughly (250) Pages Long including a (30) Page Brief and covered (112) Grounds Plus (87) Additional Ineffective Assistance Grounds. The Majority Denied as "Procedurally Defaulted". Speedy Trial was violated, but denied on The Claim of overwhelming evidence. (2) Grounds were Lost in Transit. Some of The Grounds were ignored

   Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.

   (b) Explain why the remedy under § 2255 is inadequate or ineffective: The Petitioner has no Legal Training But Believes That Actual Innocence is not a claim That can Be Raised By 2255. Christie was not permitted to file a Pro Se Appeal Brief and had no say in The Appeal Grounds. Christie was denied a Certificate of Appealability. Some of The Supporting case law arguments are Newly discovered By Christie, who has Been Locked down during most of 2020 and part of 2021 with no access to his Legal work due to Covid 19 Out Breaks at USP Tucson. Christies Grounds are all Actual innocence of indictment counts and enhancements

8. If this case concerns immigration removal proceedings, answer the following:

   (a) Date you were taken into immigration custody: _____

   (b) Date of removal or reinstatement order: _____

   (c) Did you file an appeal with the Board of Immigration Appeals?   Yes ☐   No ☐

      (1) Date you filed: _____

      (2) Case number: _____

8

(3) Result: _____

(4) Date of result: _____

(5) Issues raised: _____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

(d) Did you file an appeal with the federal court of appeals?   Yes ☐   No ☐

(1) Name of the court: _____

(2) Date you filed: _____

(3) Case number: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

9. Petitioner asks that the Court grant the following relief: Expunge And/or decrease The (90) Year Prison Sentence Pursuant To The Aforementioned Grounds, And The concurrent Sentences And Lifetime Supervised Release.

_____

or any other relief to which Petitioner may be entitled. (Money damages are not available in habeas corpus cases.) Petitioner Christie intends on filing an Affidavit, Memorandum, And 2241 filing fee under Seperate cover.

I declare under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on   3-7-2022   (month, day, year).

Russell S Christie III   28141050
**Signature of Petitioner**



_____        _____
Signature of attorney, if any            Date

9